Hon. Dennis M. Cavanaugh, U.S.D.J.

CAMELIA M. VALDES
PASSAIC COUNTY PROSECUTOR
ATTORNEY FOR RESPONDENTS
By:    Steven E. Braun
       Chief Assistant Prosecutor
       Passaic County Prosecutor's Office
       401 Grand Street
       Paterson, New Jersey 07505
       (973)-881-4800

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 09-3429 (DMC)

| | | |
|---|---|---|
| GEORGE BRATSENIS, | : | <u>CIVIL ACTION</u> |
| Petitioner, | : | |
| v. | : | BRIEF |
| LARRY GLOVER, et al., | : | |
| Respondents. | : | |

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The respondents rely on the attached affidavit.

## **LEGAL ARGUMENT**

### **POINT I**

THE PETITIONER HAS FAILED TO EXHAUST HIS STATE REMEDIES BY FAILING TO LITIGATE IN THE STATE COURTS OF NEW JERSEY HIS ALLEGATION THAT HIS LENGTH OF INCARCERATION HAS NOT BEEN REDUCED DUE TO THE EXISTENCE OF CONNECTICUT STATE CHARGES

The petitioner asserts his custody within New Jersey has not been reduced because of the existence of state charges in Connecticut. The respondents submit the petitioner has failed to litigate this issue within the New Jersey state courts and has thus not exhausted his state remedies. Accordingly, the instant petition for habeas corpus relief should be dismissed.

In *United States ex rel. Jennings v. Pennsylvania,* 429 F.2d 522 (3rd Cir. 1970), the Third Circuit addressed the issue of consequences to a New Jersey state prison sentence resulting from the existence of a detainer from another state, in the context of allowing that petitioner to amend his petition to add his prison custodian as a defendant.

> Appellant should also be given an opportunity to amend his petition, if he desires, to attack the constitutionality of any consequences which New Jersey imposes solely because of the existence of the detainer. See Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). Of course, if he asserts such an additional claim, that matter must be held in abeyance pending exhaustion of his rights in the New Jersey courts. Nelson v. George, supra.
>
> 429 F.2d at 524, fn. 4

The respondents interpret *Jennings* to mean, in light of the decision in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that the instant petition must be dismissed

until the issue of any increased incarceration in North Jersey State Prison as a result of a detainer has been addressed by the state appellate courts of New Jersey.

## POINT II

THE PETITIONER HAS FAILED TO EXHAUST HIS STATE REMEDIES BY FAILING TO LITIGATE THE ISSUES OF A SPEEDY TRIAL VIOLATION AND A VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS IN THE STATE COURTS OF CONNECTICUT

The petitioner is not clear in the relief he seeks. However, if he is challenging the existence of the detainer and arguing any speedy trial issues, such should have been argued before the state courts of Connecticut. Thus, he has failed to exhaust state remedies, and the respondents submit this court lacks jurisdiction to address issues arising out of Connecticut.

In *Grant v. Hogan,* 505 F.2d 1220, 1223 (3rd Cir. 1974), the Third Circuit explained its ruling in *United States ex rel. Jennings v. Pennsylvania,* supra. The court held that habeas corpus relief would be available only if the prisoner had exhausted the remedies available to him in the indicting state when seeking his right to a speedy trial on the underlying charges. In footnote eight, the court held further:

> While the relief sought by the prisoner in Jennings, supra, was to remove the detainer rather than to bar prosecution for the charges on which the detainer is based, the exhaustion requirement for the two types of actions it [is] essentially the same, since both types seek relief from the failure of the foreign state to provide the prisoner his constitutional right to a speedy trial. In this respect we find persuasive the reasoning of the Tenth Circuit which rejected the argument that state remedies need not be exhausted where only the 'limited relief' of removing the detainer is sought.
>
> Relief from the detainer in federal habeas (corpus) proceedings is necessarily predicated on a determination

3

>that the petitioner's federal constitutional right to a speedy trial on the underlying charge has been irremediably violated. This decision is primarily for the state court where the charge is pending, not the federal court for the district within which the prisoner is incarcerated.
>
>>Trigg v. Moseley, 433 F.2d 364, 366 (10th Cir. 1970).

*See also Mokone v. Fenton,* 710 F.2d 998, 1002 (3rd Cir. 1983) which dealt with a New Jersey prisoner in East Jersey State Prison who challenged the validity of his State of New York conviction (". . .we have held that a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending."). Also, "[a]s we read these provisions, only the courts of the indicting state can enter an order that would effectively void the criminal charge. Thus the New Jersey courts would be foreclosed from considering the merits of Mokone's speedy trial violation."

Thus, the petitioner's claim has unexhausted claims which accordingly must be dismissed.

4

## **CONCLUSION**

Wherefore, the respondents urge that this petition for habeas corpus relief be dismissed and no writ issued.

                          Respectfully submitted,

                          CAMELIA M. VALDES
                          PASSAIC COUNTY PROSECUTOR

By: *s/Steven E. Braun*
     Steven E. Braun
     Chief Assistant Prosecutor

Dated: April 15, 2010