NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE BRATSENIS, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | Civil No. 09-CV-3429 (DMC) |
| LARRY GLOVER, | : | |
| Respondent. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss the petition by Larry Glover ("Respondent") for failure to exhaust state remedies.   Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Respondent's motion to dismiss is **granted.**

I.     **LEGAL STANDARD**

Section 2241 provides in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless-
    ....
(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). "To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is

·in violation of the Constitution or laws or treaties of the United States.'" <u>Tavares v. United States</u>, No. 09-6042, 2010 U.S. Dist. LEXIS 39584, at *2-3 (D.N.J. Apr. 22, 2010) (citing 28 U.S.C. § 2241(c)(3)); <u>see also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

"A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment." <u>Id.</u>; <u>see</u> <u>Maleng</u>, 490 U.S. at 490; <u>Bradeth v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). "Moreover, as the Interstate Agreement on Detainers Act ("IADA" [or "IAD"]) is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the petition presents a federal claim within the meaning of § 2241." <u>Id.</u>

## II.   DISCUSSION

George Bratsenis ("Petitioner") filed a petition for habeas corpus relief in the instant matter, contending "I have been denied my right to demand adjudication of open detainers/charges/indictment/informations via the Interstate Agreement Detainers (IAD) currently denying my ability to seek reduced custody." Petitioner further represents that he has been denied reduced custody as a consequence of open charges pending in the State of Connecticut. Moreover, Petitioner represents to this Court that he has "repeatedly attempted to sign the IAD, and ha[s] not been granted access."

Respondent argues that the petition should be denied for failure to exhaust remedies at the state level, New Jersey and Connecticut respectively. Respondent contends that Petitioner is required to address the issue of any increased incarceration in North Jersey State Prison as a result of a detainer before the state appellate courts of New Jersey. Moreover, Respondent argues that to the extent Petitioner challenges detention as a violation of the right to a speedy trial, Petitioner is

required to argue that issue before the Connecticut State Courts.  Accordingly, Respondent contends

that this Court lacks jurisdiction over issues concerning charges arising in the State of Connecticut.

"The purpose of the IAD is 'to encourage the expeditious and orderly disposition of

[outstanding criminal] charges and determination of the proper status of any and all detainers based

on untried indictments, informations or complaints.'" Id.  "Article III(a) requires that a defendant

must be tried on outstanding criminal charges within 180 days after authorities in that state receive

his request for final disposition." Id. "The United States Court of Appeals for the Third Circuit has

observed that 'only the courts of the indicting state can enter an order that would effectively void the

criminal charge' based on a violation of the IAD." Id.; see Mokone v. Fenton, 710 F.2d 998, 1003

(3d Cir. 1983). "In addition, the Court of Appeals has 'held that a habeas petitioner seeking a speedy

trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer

is based, must exhaust the remedies of the state where the charge is pending." Id. (citing Mokone,

710 F.2d at 1002). In Tavares, No. 09-6042, 2010 U.S. Dist. LEXIS 39584 at *10, the New Jersey

District Court concluded,

> to the extent Petitioner seeks dismissal of New York charges, pretrial habeas relief
> is premature because Petitioner has not presented this affirmative defense to the New
> York courts. As the Court of Appeals explained, 'Petitioner … will have an
> opportunity to raise his claimed denial of the right to a speedy trial during his state
> trial and in any subsequent appellate proceedings in the state courts. Once he has
> exhausted state court remedies, the federal courts will, of course, be open to him, if
> need be, to entertain any petition for habeas corpus relief which may be presented.
> These procedures amply serve to protect [Petitioner]'s constitutional rights without
> pre-trial federal intervention in the orderly functioning of state criminal processes.'

"[A] defendant may waive his right to a speedy trial without explicitly stating a desire to do so."

United States v. Nguyen, Nos. 08-2414/07-3254, 2009 U.S. App. LEXIS 20107, at *3 (3d Cir. Sep.

8, 2009); see New York v. Hill, 528 U.S. 110, 114 (2000) (holding that where defense counsel agreed to a trial date beyond the 180 day limit imposed by the IAD, defendant's rights under the IAD were deemed to be waived).

The petition concerns existing charges in the State of Connecticut. As a result, it is not within the purview of this Court to compel an adjudication of pending Connecticut State charges in Connecticut State Court. Although Petitioner represents to the Court that attempts to file an IAD application have proven futile, it is unclear to this Court where or how Petitioner proceeded in filing such an application. Petitioner is required to file an IAD application in Connecticut in order to compel the adjudication of pending charges in that State. To the extent that the pending charges affect Petitioner's period of incarceration or detention in New Jersey State Prison, Petitioner is required to exhaust remedies at the state level in order to proceed before this Court. Therefore, the petition is **denied without prejudice.**

III.   <u>CONCLUSION</u>

For the foregoing reasons, Respondent's motion to dismiss the petition is **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Dated:       July ___ 2010
Original:    Clerk
cc:          All Counsel of Record
             File

4